FRANK P. NAGEL, Relator, v. JESSE W. BARRETT, WILLIAM J. BLESSE, A. SYDNEY JOHNSTON and ALPHONSE G. EBERLE, Comprising the St. Louis Board of Election Commissioners.—No. 39472.—186 S. W. (2d) 589.

Court en Banc, March 7, 1945.

1050

*Charles L. Moore* for relator.

*Joseph F. Holland,* City Counselor, and *George L. Stemmler,* First Associate City Counselor, for respondents.

1052

TIPTON, J.—This is an original proceeding in mandamus to compel the respondents, as members of the St. Louis Board of Election Commissioners, to place relator's name on the ballot at the April, 1945, election as a candidate for Member of the St. Louis School Board.

From the pleading we gather the following facts: On January 23, 1945, relator filed with the Board of Election Commissioners a nominating certificate purporting to contain the signatures of 7222 electors resident within the City of St. Louis. Under the provisions of Section 11534, a certificate of nomination for the office of Member of the Board of Education was required to have a minimum of 6799 such signatures, and, at that time, relator received from the Board a receipt stating that the nominating petition "appears to be in proper form to nominate you as a candidate for Member of the Board of Education at the election to be held April 3, 1945."

Two days after the relator received the above mentioned receipt or certificate, there appeared in the daily press certain newspaper articles which stated that on relator's petition (and on petitions of other candidates for Member of the School Board) only the surnames of the purported electors appeared, and there were instances of apparent "multiple signing" by the same person of purported electors.

The Board received two letters from purported citizens of St. Louis objecting to the consideration of the petition filed with the Board. One of the letters is as follows:

"To the Members of the Board of Election Commissioners

"City of St. Louis, Missouri.

"Gentlemen:

"In view of the announcement of the Chairman of your Board, Honorable Jesse W. Barrett, appearing in this afternoon's newspapers, to the effect that irregularities appear on the face of the nominating petitions of at least five of the aspirants for membership on the Board of Education, namely, James J. Fitzgerald, J. Harry Pohlman, Dr. Francis C. Sullivan, Frank P. Nagel and Dennis T. Bahlinger, I object to the consideration of these nominating petitions as valid, respectfully request your Board to make a thorough investigation and take such action as may be necessary to have the nomination and election of school Board candidates, in every respect, in accordance with the law.

"Sincerely,

"5744 Clemens Ave.
"Pa. 2667.

"(Signed) Laura S. Edwards."

The other letter was similar and was signed by Lydia Rothweiler, 5979 Wande Avenue.

The respondents caused a letter to be sent to all candidates, including relator, advising them that objections had been filed to all certificates of nominations for Members of the Board of Education. The notice stated that a meeting would be held by respondents on January 30th, 1945, at 11:00 A. M. at the offices of the Board, 308 South Twelfth Boulevard, in the City of St. Louis. Relator appeared before the Board at that time with his attorney. The Board read the objections, and after discussing the matters, referred the same to the City Counselor's office for an opinion as to their powers and duty in the premises. The Board adjourned without hearing evidence stating that the candidates, including relator, would be advised after the opinion and advice was received by the Board.

Respondents met again on February 6th, 1945, and without notice to the relator, and without witnesses or testimony being before the Board, held that certain signatures contained on relator's petitions were examples of multiple handwriting and were not valid signatures, and that, thereby, there did not remain on relator's certificate sufficient names to nominate him, and he, therefore was held not to be entitled to have his name on the ballot at the election.

While the Board was in session on that date, the Chairman of the Board called relator's counsel and advised him that the Board was about to enter its finding and order to the effect that relator's purported certificate of nomination did not contain the required number of valid signatures of electors resident in the City of St. Louis and that relator's name would not appear on the ballot for the election of Members to the Board of Education.

The respondents' return states that in this telephone conversation, the Chairman of the Board further advised relator's counsel that if relator desired a further hearing before the Board on the matter of the objections, or upon the authenticity of any of the purported signatures, or upon the validity of relator's purported certificate of nomination, the Board would arrange for further hearing, and that relator's counsel stated that he desired no further hearing on the matter. In relator's motion to strike return for the reason that it constitutes no defense to our writ, relator denies that he did have or that he was accorded a hearing before the Board or that he waived such a hearing. This statement is supported by an affidavit by John L. Sullivan, an attorney of the St. Louis Bar.

Relator first contends that he is entitled to a hearing before the Board on the objections, if the Board considered these objections sufficient.

The objections and determination of them by the Board are governed by Section 11540, Revised Statutes of Missouri, 1939, which reads as follows:

"All certificates of nomination which are in apparent conformity with the provisions of sections 11539 and 11540, shall be deemed to be valid unless objection thereto shall be duly made, in writing, within three days after the filing of the same. In case such objection is made, notice thereof shall forthwith be mailed to all candidates who may be affected thereby, addressed to them at their respective places of residence as given in the certificate of nomination. Objections to use of party name may also be made and passed upon in the same manner as objections to certificates. The secretary of state or the county clerk, as the case may be, with whom the original certificate was filed, shall in the first instance pass upon the validity of such objection and his decision shall be final, unless an order shall be made in the matter by the supreme court, or a circuit court, or by a judge of such court in vacation, before the date for the certification of the names of nominees by the secretary of state to the county clerk, or before the time at which the county clerk is required by law to publish the names of nominees as certified to him. Such order may be made summarily upon application of any party interested, and upon such notice as the court or judge may require. The decision of the secretary of state, county clerk, or the order of the court or judge thereof in vacation, shall be binding on all county and municipal officers with whom certificates of nomination are filed. In case of a division in any party and claims by two or more factions to the same party name or title, the secretary of state or county clerk shall give the preference of name to the convention held at the time and place designated in the call of the regularly constituted party authorities, and if the other faction or factions shall present no other party name, the secretary of state or county clerk shall select a name or title and place the same on the ballot before the list of candidates of said faction. The action of the preceding regular convention of such party regularly called shall determine the action of the secretary of state, the county clerk or the court, in its decision. The secretary of state or county clerk may be compelled, by peremptory order or *mandamus* proceedings, to perform his duty in this regard: *Provided,* that in all cities having a board of election commissioners, the said board shall perform all the duties herein required of county clerks and be governed in all respects by the provisions of sections 11539 and 11540, the same as county clerks."

This section was under our consideration in the case of State ex rel. Yates v. Crittenden, County Clerk, 164 Mo. 237, l. c. 261-262, 64 S. W. 162. In that case, we said, ". . . and it inevitably follows that

the nominees of the local organizations whose nominations are to be set aside shall be accorded a hearing and a time and place fixed for that hearing, of which they shall have reasonable notice and an opportunity to present their evidence.''

Again, this section was before us in the case of State ex rel. Preiss et al. v. Seibel, County Clerk, 295 Mo. 607, 246 S. W. 288, l. c. 294. In passing on this section, we said:

''Under section 4817, R. S., it was the duty of the respondent to proceed, in accordance with the requirements thereof, to hear the objections and pass upon them. *Had he failed to do so, he could have been 'compelled by peremptory order or mandamus proceedings to perform his duty in this regard.'* According to the return and the evidence, he performed that duty; he sustained numerous objections to the certificates of nomination by the electors, including that above mentioned. The statutes (sec. 4817, R. S.) ordains that his decision shall be final unless an order shall be made in the matter by the Supreme Court or a circuit court, or by a judge of such court in vacation, before the date for the certification of the names of the nominees by the secretary of state to the county clerk, or before the time at which the county clerk is required by law to publish the names of nominees so certified to him. The relator has not in this proceeding questioned the integrity of the respondent's decision in the matter, or even referred to it. The remedy prescribed in the statute is exclusive.'' (Italics ours.)

Under these cases, and under the very language of this statute, a person who holds a certificate of nomination is entitled to a notice and a hearing. Note the language of the statute which says in part: ''In case such objection is made, notice thereof shall forthwith be mailed to all candidates who may be affected thereby . . . The secretary of state or the county clerk, [or a board of election commissioners], as the case may be, with whom the original certificate was filed, shall in the first instance pass upon the validity of such objection and his decision shall be final, unless . . . ''

If the party affected was not to be given a hearing with an opportunity to refute the objections with witnesses, why send him the notice and give the clerk or board of election commissioners the power to pass on the validity of such objection? We think the question answers itself. We hold that this section contemplates that a hearing must be held and that it must be such a hearing as would accord the person affected an opportunity to present evidence refuting the objection.

 The record in this case shows that no such hearing was held. In fact, there is no showing that any evidence was heard or considered by the Board. There is no showing that the Board heard evidence of the two objectors, and the record affirmatively shows that the newspapermen were not before the Board. It may be the Board did

examine the petitions filed by the relator, but we think that section 11540, supra, contemplates that a hearing be had that permits the objector to be there and present his evidence, and, also, permits the person who holds the certificate of nomination to be present and present his evidence. This was not done in the case at bar. The relator was not even notified that the Board would meet on February 6, 1945, to consider the objections. It necessarily follows that the relator is entitled to a hearing before the Board on the objection and be given an opportunity to present evidence in his behalf.

██ Relator also contends that the "objections were so vague and indefinite as to constitute no valid objection to placing relator's name on the ballot."

We are of the opinion that under section 11540, the respondents must, in the first instance, pass on the sufficiency of the written objection for the reason that the section states that the board of election commissioners ". . . shall in the first instance pass upon the validity of such objection and his decision shall be final, unless an order shall be made in the matter by the supreme court, or a circuit court, or by a judge of such court in vacation . . ." The ". . . statute has provided an exclusive remedy for the trial and disposition of the issues raised by the objections filed with the respondent[s]." State ex rel. Preiss et al. v. Seibel, County Clerk, supra, l. c. 295.

We agree with respondents that when objections were seasonably filed, the burden is on the relator to prove before the Board that his purported certificate of nomination was sufficient. Under section 11540, this certificate of nomination is deemed to be valid unless objections thereto shall be duly made in writing within three days after the filing of same. Objections having been seasonably filed, the burden was on the holder of the certificate of nomination that his petition complied with the law. "Under the terms of the statute referred to, after the filing of objections in conformity with the statute, the certificate did not import a presumption of verity, and was not prima facie evidence of the truth of its recitals." State ex rel. Preiss et al. v. Seibel, County Clerk, supra, l. c. 294.

██ For the reasons stated, our alternative writ heretofore issued should be made peremptory to the extent that respondents should give the relator a hearing in conformity with this opinion, but in all other respects, our writ should be quashed. It is so ordered. All concur.